

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*   *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 23, 2019

**BY ECF**

Honorable Indira Talwani
U.S. District Judge
U.S. District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

    Re:    *United States v. Abbott, et al.*, No. 19-cr-10117-IT

Dear Judge Talwani:

    I was informed by the Assistant U.S. Attorneys assigned to this matter that you asked them to explain why the government objected to the Court conferring, *ex parte*, with the U.S. Probation Department ("Probation") about the appropriate sentences to impose.[1]  This has been a long term, institutional concern for my office, and I appreciate your giving us the opportunity to explain our position.

    Nothing in the Federal Rules requires the Court to confer *ex parte* with Probation about the appropriate sentence in a given case.  The source of the practice appears to be Rule 32(e)(3), which says, "By local rule or order in a case, the court may direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence."  Given that discretion, practices vary among your colleagues:  based on views expressed at recent "bench/bar" conferences, Judges Woodlock and Mastroianni do not confer with Probation *ex parte*, essentially due to the concerns expressed here.  Judges Stearns, Saylor and Casper do confer with Probation, although Judge Casper expressed some misgivings.  Judge Sorokin appears to take an approach similar to what the Court is considering here, *i.e.*, he asks if the

---

[1] During the plea hearings in this case, the Court said that it would not confer with Probation *ex parte* if either side objected.  *E.g.*, Tr. of Plea Hrg. as to Defendants Sloane & Huffman (May 13, 2019) at 47:21-25: "I will not have that *ex parte* conversation if either side objects.  So if you do have any objection to my meeting with the probation officer regarding a recommended sentence, you should let my courtroom deputy know no later than the date your objections to the Presentence Report are due."  To date, the government has notified Clerk Marchione of its objection as to Defendant Sloane via e-mail on August 20, 2019, as to Defendant Semprevivo via e-mail on August 21, 2019, and as to Defendant Huffman via e-mail on August 22, 2019.

parties object to him receiving an *ex parte* sentencing recommendation from Probation, and declines to do so if either party objects.

The government bases its objection primarily on the exceptional public interest in transparency in the sentencing process. The public—and certainly the defendant being sentenced—should have access to the substance of all efforts to influence a judge's sentencing decision; the use of government power to imprison a human being should never be predicated, in whatever degree, by influence exercised in secret.[2] While there may be legitimate privacy or safety reasons for sealing certain portions of a sentencing proceeding, *e.g.*, when addressing medical diagnoses, cooperation issues, or relevant conduct by uncharged parties, *ex parte* communications run counter to the public interest and also create potential appellate issues.[3]

In short, *ex parte* meetings at which Probation privately advocates for a particular sentence deprive the public of the opportunity to know what was said, the parties of the opportunity to object, to be heard, and potentially to cite the *ex parte* communications in any appeal, and the appellate courts of the opportunity to review the content of such conversations.

These concerns are particularly relevant here, where there is significant disagreement between the parties and Probation on the applicable offense level, one which may raise appellate issues. As an example, in the Pre-Sentence Investigation Reports received thus far, Probation has concluded that the defendants' crime caused no financial loss to any victim, even though the victims have provided written statements to the contrary and the parties have stipulated to the relevant enhancement for gain/loss. It is unclear, at this stage, why Probation has elected to disregard the government's submission and the victims' statements on this issue. Under such circumstances, *ex parte* communications deprive the parties of the opportunity to respond and have the potential to "sully the public perception of judicial proceedings." *United States v. Bramley*, 847 F.3d 1, 9 (1st Cir. 2017).[4]

I have tremendous respect for the professionalism and insight of the Probation Officers who work on our cases, but the practice of allowing them, or anyone else, to secretly advise the Court on something as serious as the appropriate criminal sentence has always concerned my office. The point is not that the substance of Probation's input might be improper or incorrect—disputes like the one above are rare—but that it is given *in secret*. Any information Probation

---

[2] *See, e.g.*, *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013) (noting that, when a court is called upon to exercise its discretion to impose a criminal sentence, public access "allows the citizenry to monitor the function of our courts, thereby insuring quality, honesty and respect for our legal system" and "in general stimulate[s] public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced") (citations omitted)).

[3] *See*, *e.g.*, *United States v. Craven*, 239 F.3d 91, 101-03 (1st Cir. 2001) (vacating defendant's sentence and remanding for resentencing where court relied on *ex parte* conversation with court-appointed psychologist); *United States v. Christman*, 509 F.3d 299, 300-01 (6th Cir. 2007) (vacating defendant's sentence and remanding for resentencing where court relied on *ex parte* communications with probation officer concerning probation officer's impression that defendant had acted on his pedophilia).

[4] From the perspective of public policy, this concern would be even more acute in cases in which Probation disagreed with the defendant alone, and secretly advised the Court to impose a sentence higher than that sought by the defendant.

wants to provide about someone's potential sentence can be provided publicly, just like information provided by the government or the defense.

    Again, thank you for the chance to explain our concerns in this area. The government respectfully requests that the Court not conduct any *ex parte* proceedings concerning the sentencings in this case.

                                               Sincerely,

                                               ANDREW E. LELLING
                                               United States Attorney

cc:      Martha Victoria (by ECF)
          All counsel of record (by ECF)